**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DRAFTKINGS, INC.** and<br>**FANDUEL LIMITED**,<br><br>Defendants. | Civil Action No. 17-cv-1195 (KBJ) |

**CASE MANAGEMENT AND SCHEDULING ORDER**

It is hereby ordered as follows:

A.  **Temporary Restraining Order.**  The Court entered the parties' Stipulated Temporary Restraining Order on June 20, 2017.  Under that Temporary Restraining Order, the Defendants cannot close their transaction until after 11:59 PM on the fifth business day after this Court rules on the Plaintiffs' motion for preliminary injunction.

B.  **Answer.**  Defendants shall answer or otherwise respond to Plaintiffs' Complaint on or before July 12, 2017.[1]

C.  **Discovery.**

   1.  Fact Discovery.  The parties may commence issuing discovery requests immediately.  Fact discovery shall be completed by August 16, 2017.  All discovery requests must be served so as to leave sufficient time to be responded to before the close of discovery.

---

[1] This and the other scheduled dates to which the parties have agreed are memorialized in the Addendum to this Case Management and Scheduling Order.

2. <u>Initial Disclosures.</u>  By July 12, 2017, the parties shall serve upon each other lists of persons, other than expert witnesses, likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.  By July 12, 2017, and subject to Paragraph C.5(a) below, the parties also will make a good faith effort to produce copies of all documents in their possession that they may use to support their claims or defenses in this action that are not privileged or otherwise protected by the work product doctrine.  To the extent additional documents come to the parties' attention during discovery, they will supplement their disclosures within three days.

3. <u>Production of Investigative Materials.</u>  By July 12, 2017, Plaintiffs and Defendants will make a good-faith effort to produce, initially on an "outside counsel eyes only" basis, and at all times in compliance with the Protective Order, the following Investigation Materials:  (a) all documents, data, information, or transcripts of testimony that any non-party provided to any party either voluntarily or under compulsory process preceding the filing of this action in the course of the parties' assessment of or inquiries into the competitive effects of the proposed merger; and (b) any witness statements, including affidavits, declarations, transcripts, or letters, whether in hard-copy or electronic form, sent or received by any party, including that party's counsel, to or from any non-party, including that non-party's counsel, preceding the filing of this action in the course of the parties' assessment of or inquiries into the competitive effects of the proposed merger.  The parties will conduct good-faith, reasonable, and diligent

searches for Investigative Materials; if any Investigative Material is not produced as described in this Paragraph, the parties will meet and confer in good faith to agree on a resolution.  Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege.

4. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>  The parties shall exchange preliminary party and third-party fact witness lists no later than July 17, 2017.  Such preliminary fact witness lists shall include a summary of the topics of each witness's testimony.  The preliminary witness lists shall include the name of the employer of the witness and counsel for the witness, if known.  The parties will update their preliminary witness lists promptly as they add or delete witnesses.  Final party and third-party fact witness lists shall be exchanged on or before August 21, 2017, with a summary of the topics of each witness's testimony.  Additional witnesses may be added to the final witness lists after this date only by agreement of the parties or with leave of Court for good cause shown.  The number of witnesses who may be included on the preliminary witness list shall not exceed 50 and the number of witnesses who may be included on the final witness list shall not exceed 25.  The opposing party must be given a reasonable opportunity to depose any witness who appears on the final witness list and that opposing party must make a reasonable and good faith effort to schedule and conduct a deposition.  All parties will make reasonable and good faith efforts

       to identify witnesses in a timely manner who may appear on the final witness list, regardless if such witnesses appear on the initial witness list.

5. <u>Document Production.</u>

    (a)    Defendants shall not be required to produce in discovery in this case any documents previously produced in the course of the investigation of the proposed merger between FanDuel and DraftKings, FTC File No. 161-0174.  If documents produced in the investigation of the proposed merger (FTC File No. 161-0174) would otherwise be responsive to a request for production, they will be treated as responsive for purposes of this litigation.

    (b)    The parties shall serve any objections to document requests within ten (10) calendar days of service of the discovery request to which objections are being asserted.  The parties shall comply with requests for production within 15 calendar days after the date of service.  The parties may agree to extend the compliance date an additional five days for good cause shown.

    (c)    Document Productions shall be sent to the attention of:

        (i)    To the FTC:  Ryan Quillian

        (ii)    To the State of California:  Paul A. Moore III

        (iii)    To the District of Columbia:  Catherine Jackson

        (iv)    To DraftKings:  Jonathan Klarfeld

        (v)    To FanDuel:  Jamillia Ferris

6. <u>Third-Party Discovery.</u>  For any third-party subpoena, the parties will not request a return date sooner than seven (7) calendar days after service.  Each side shall

copy and produce to the other side materials obtained in discovery from any third party, in the format they were received, within three business days after receipt by the party initiating the discovery request; except that if a third party produces documents or electronic information that are not Bates-stamped, the party receiving the documents shall Bates-stamp them, if possible, before producing a copy to the other parties, and shall produce the documents or electronic information in a timely manner.

7. <u>Expert Materials Not Subject to Discovery.</u> Expert disclosures and reports shall comply with Fed. R. Civ. P. 26(a)(2), except neither side must disclose:

   (a) Any form of communication or work product shared between any of the parties' counsel and their testifying or consulting expert(s), inclusive of agents or consultants of that party retained solely for the purposes of the litigation or investigation (e.g., Charles River Associates), or between such experts themselves;

   (b) Any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   (c) Experts' notes, unless they constitute the only record of a fact or assumption relied upon by the expert in arriving at the opinion contained in the final expert report;

   (d) Drafts of expert reports, analyses, or other work product; or

   (e) Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

8. <u>Expert Reports.</u> Plaintiffs and Defendants shall exchange and serve their expert report(s) by August 18, 2017. Defendants and Plaintiffs' rebuttal expert report(s) shall be served by September 1, 2017. Testimony by expert witnesses related to opinions or analyses contained in their reports, or to opinions and analyses contained in opposing expert witnesses' rebuttal reports, shall not be subject to objection as to the scope of the expert witnesses' testimony. However, to the extent an expert witness raises a new opinion or analysis in a rebuttal report not directly addressing a point raised in the opposing party's opening expert report or in hearing testimony that could have been raised in a rebuttal report, such an opinion or analysis may be the proper subject of an objection. If an expert witness's rebuttal report goes beyond the scope of directly addressing points in the opposing party's opening expert report, the opposing party's expert witness may go beyond the scope of the opening and rebuttal reports in his or her testimony to address those beyond-the-scope points made in the opposing party's rebuttal report.

9. <u>Disclosure of Expert Materials.</u> At the time an expert is first disclosed by a party, that party shall provide: materials fully describing or identifying the background and qualifications of the expert, all publications of the expert within the preceding ten years, and all prior cases in which the expert has been deposed within the previous five years; and transcripts of such testimony in the possession, custody, or control of such producing party or expert, except that transcript sections under seal in a separate proceeding need not be produced. With all expert reports, the parties shall:

    (a)    Identify all materials upon which the expert(s) relied in formulating an opinion in this case, by Bates number where applicable;

    (b)    Produce copies of any materials upon which the expert(s) relied (except for those excluded above) that were not previously produced and are not readily available through public sources;

    (c)    Produce a list of all commercially-available computer programs used by the expert in the preparation of the report; and

    (d)    Produce all data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

10.    <u>Expert Depositions.</u>  One seven-hour deposition of each expert shall be allowed. Expert depositions must be completed on or before one week before the hearing.

11.    <u>Requests for Admission.</u>  The parties shall be limited to sixteen (16) requests for admission per side, subject to the following provisions:

    (a)    Requests for admission related to the authenticity of documents and/or the admission of evidence will not count against the limit of sixteen (16) requests for admission.  There will be no limit on the number of requests for admission related to the authenticity of documents and/or the admission of evidence.

    (b)    All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's investigation of the proposed merger (FTC File No. 161-0174) are presumed to be authentic.

      (c)      The parties will respond to requests for admission no later than ten (10) calendar days after the date of service. The parties will meet and confer regarding any answers they deem insufficient within two business days of receiving the responses.

12. <u>Interrogatories.</u> Each side shall be permitted to serve the other side with fourteen (14) interrogatories pursuant to Fed. R. Civ. P. 33. However, for purposes of this provision, an interrogatory requesting a refresh or update of specifications 11, 12, and 13 in the Second Request issued to Defendants in the FTC's investigation of the proposed merger (FTC File No. 161-0174) will count as a total of three interrogatories requests in this proceeding, even if the specification contains subparts. The parties shall serve responses to interrogatories no later than ten (10) calendar days after the date of service.

13. <u>Deadline for Issuing Written Discovery to Parties.</u> The parties shall serve requests for admission, interrogatories, and document requests to parties by July 31, 2017, except that requests for admission related to the authenticity of a document and admissibility of evidence shall be served by August 21, 2017.

14. <u>Limitations on Party and Third-Party Declarations.</u> No party may submit as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than one week prior to his or her deposition. In any event, no party or third-party declaration or affidavit may be submitted as evidence if it was executed or served less than ten (10) calendar days before the close of fact discovery.

15. <u>Depositions</u>:

    (a) There are no limits on the number of depositions that may be taken. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.

    (b) All depositions shall be limited to a maximum of seven hours.

    (c) For any third-party deposition noticed by both Plaintiffs and Defendants and for which both Plaintiffs and Defendants have obtained a declaration from the deponent, time for the deposition shall be allocated evenly between the two sides. For any noticed deposition for which only one side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration. Any unused time in any party's allocation shall not transfer to the other party.

    (d) For Defendant witnesses or third-party witnesses retained by a Defendant(s) (e.g., as a consultant, agent, contractor, or representative) in connection with their proposed transaction, including, but not limited to, The Boston Consulting Group, Inc., Plaintiffs will have the opportunity to use seven hours for the deposition. Plaintiffs may depose any Defendant witness or third-party witness retained by a Defendant(s) in connection with the proposed transaction, including those for whom the FTC conducted an investigational hearing.

    (e) If a party serves a subpoena on a third party for the production of documents or electronically stored information and a subpoena

      commanding attendance at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

16. <u>Discovery Uses.</u>  Subject to Paragraph C.14 above, all discovery taken in the Administrative Action (FTC Docket No. 9375) may be used in this action.

17. <u>Modifications.</u>  Notwithstanding any other provisions in this Order, the parties may modify any deadlines in this Paragraph C by mutual agreement.

18. <u>Discovery Disputes.</u>  The parties shall meet and confer regarding any discovery dispute, and if the parties reach an impasse, discovery disputes shall be submitted to the Court in accordance with the procedures set forth in the Appendix to General Order and Guidelines for Civil Cases Before Judge Ketanji Brown Jackson, ¶ 4(b), unless otherwise requested by the Court.  By agreement of the parties or with leave from the Court, a party may submit a longer opposition letter brief or take additional time for such a filing.  It is the practice of this Court to refer discovery-related motions to a Magistrate Judge for resolution.

D. **<u>Briefing Schedule.</u>**  Plaintiffs' Memorandum In Support of Its Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before August 21, 2017.  Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before September 4, 2017.  Plaintiffs' Reply Brief, not to exceed 25 pages, shall be filed on or before September 13, 2017.

E. **<u>Pre-Hearing Conference</u>**.  A pre-hearing Conference is set for **September 15, 2017, at 9:00 AM**.

F. **<u>Date and Length of Preliminary Injunction Proceeding.</u>**  The preliminary injunction hearing shall commence on **September 18, 2017, at 9:30 AM**, and shall proceed for no more

than eight days. The hearing time is to be divided equally between Plaintiffs and Defendants. Plaintiffs may reserve a portion of their time for rebuttal.

G. **Proposed Findings of Fact and Conclusions of Law.** Proposed findings of fact and conclusions of law shall be due ten calendar days after the close of the hearing.

H. **Other Matters.**

1. Electronic Service. Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail. In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic version of the papers on opposing counsel either (a) on a disc by hand at their Washington, D.C. office or (b) via Accellion, an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules of Civil Procedure. Service of correspondence or formal papers by 11:59 PM Eastern Time shall be considered filed on that day.

2. Nationwide Service. The parties will be allowed nationwide service of discovery and hearing subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court.

3. Privilege Logs. The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

    (a) documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel)

or sent solely between counsel for the Federal Trade Commission or Plaintiff States (or persons employed by the Federal Trade Commission or Plaintiff States);

(b) documents or communications sent solely between Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) and Defendants' internal counsel;

(c) documents or communications sent solely between Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) and Defendants' employees or agents;

(d) documents or communications shared between outside counsel for Defendants (or persons employed or acting on behalf of such counsel) or by counsel for the Federal Trade Commission or Plaintiff States (or persons employed by the Federal Trade Commission or Plaintiff States), and a testifying or consulting expert retained in anticipation of this litigation; and

(e) documents that were authored by Defendants' outside counsel or persons employed by the Federal Trade Commission or Plaintiff States, and not directly or indirectly furnished to any non-party, such as memoranda.

4. <u>Exhibit Lists.</u>  The parties shall file with the Court final exhibit lists on or before September 8, 2017.  Objections shall be filed on or before September 12, 2017.

5. <u>Deposition Designations.</u>  The parties need not designate portions of depositions taken in the litigation.  Full transcripts of depositions taken in the litigation shall be admitted, except that to the extent a party cites deposition testimony in support

of a proposed finding of fact, the Court will assess any objections made on the record at the deposition in determining whether to accept that proposed finding of fact.

6. <u>Video Deposition Designations.</u>  No deposition video is permitted to be shown at the hearing, unless the witness is unavailable to testify at the hearing or for purposes of impeachment.  Subject to the foregoing limitation, if a party intends to show at the hearing excerpts of a video deposition, then (a) the party intending to use the video at the hearing shall designate the video deposition excerpts that the party intends to show at the hearing at least five days before the day on which the video will be shown; (b) the opposing party shall be permitted to counter-designate video excerpts of that witness three days days after receiving notice of the other party's designation of video excerpts; and (c) at the hearing, all video designations and counter-designations will be played at one time in sequential order.

7. <u>Pre-Hearing Statement.</u>  On or before September 14, 2017, the parties shall submit a joint pre-hearing statement that contains:

   (a) Lists of fact and expert witnesses that each party intends to call during the preliminary injunction hearing, along with a brief summary of each witness's anticipated testimony, including area of expertise for expert witnesses, an estimate of the time necessary for direct examination, and any anticipated objections;

   (b) Any stipulations of fact among the parties; and

13

      (c)     A list of exhibits that each party intends to offer during trial. The list of exhibits shall indicate which exhibits (if any) are objected to and shall briefly state the basis for the objection. In addition, unless the volume of the exhibit materials makes them unfeasible to present in hard copy, each party shall provide binders to the Court containing the list of exhibits and objections, followed by numbered and tabbed copies of each exhibit. If binders are not feasible, the parties shall provide the Court with an organized compendium of exhibits in electronic format along with the pre-hearing statement. Exhibits will be presumed authentic unless an objection to their authenticity is noted.

8.    <u>Admissibility of Hearsay.</u> Each party may object to the admission of evidence on the grounds that particular exhibits or statements are too untrustworthy or too unreliable to have evidentiary value. However, in general, objections to the admission of evidence on hearsay grounds are disfavored unless there is a specific indication that the evidence is unreliable or untrustworthy.

Date: July 10, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

## ADDENDUM TO CASE MANAGEMENT AND SCHEDULING ORDER

| Event | Date | Number of Days Until Hearing |
|---|---|---|
| Serve Initial Disclosures | July 12, 2017 | 68 |
| Exchange of Investigation Materials | July 12, 2017 | 68 |
| Defendants Answer Complaint | July 12, 2017 | 68 |
| Exchange of Preliminary Fact Witness List | July 17, 2017 | 63 |
| Deadline to Issue Written Discovery to Parties (Except Authenticity and Admissibility RFAs) | July 31, 2017 | 49 |
| Deadline for Service of Third-Party Subpoenas | July 31, 2017 | 49 |
| Close of Fact Discovery | August 16, 2017 | 33 |
| Defendants and Plaintiffs Serve Initial Expert Report(s) | August 18, 2017 | 31 |
| Plaintiffs' Brief in Support of Motion for Preliminary Injunction | August 21, 2017 | 28 |
| Exchange of Final Fact Witness Lists | August 21, 2017 | 28 |
| Defendants and Plaintiffs Serve Rebuttal Expert Report(s) | September 1, 2017 | 17 |
| Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | September 4, 2017 | 14 |
| Exchange of Final Exhibit List | September 8, 2017 | 10 |
| Exchange of Objections to Exhibits | September 12, 2017 | 6 |
| Close of Expert Discovery | September 12, 2017 | 6 |
| Plaintiffs' Reply In Support of Motion for Preliminary Injunction | September 13, 2017 | 5 |
| Pre-Hearing Statement | September 14, 2017 | 4 |
| Pre-Hearing Conference | September 15, 2017 | 3 |

| Event | Date | Number of Days Until Hearing |
|---|---|---|
| Hearing on Plaintiffs' Motion for Preliminary Injunction Begins | September 18, 2017 | - |
| Proposed Findings of Fact and Conclusions of Law | - | 10 days after the hearing closes |